WHEELER, District Judge. This cause has been heard on the petition of the defendants to open the interlocutory decree heretofore entered therein, because of the discovery of new matter, and the failure of their then counsel to fully represent their interests, and the answer of the orator thereto. It appears therefrom, that there has been no discovery of any new evidence, but only a discovery of a new use of that which was before well known. It is not claimed but that the facts were all fully known to the defendants and their counsel, but that the circuit court of the United States in the district of New Jersey has made a decision upon the facts, which they did not know of, and the like of which neither they nor their counsel saw fit to ask to have made here. If that was the only decision that had been made, and the question was open, doubtless, it would have great and, perhaps, controlling weight here. But, not only is the question foreclosed by this interlocutory decree, but also by a judgment the same way in an action at law, on the law side of this court, between these same parties. So that, if this decree were removed, that judgment would still stand as a conclusive adjudication of the rights of the parties involved, which would bind the court to make the same decree again. Therefore, it would be useless to open the decree, under the circumstances, if it was allowable, under the usual rules applicable, to open a decree for such a reason. But, further, the reason is not adequate. The decree in the district of New Jersey might as well be opened on account of the one here, as vice versa.

There is nothing to show but that the defendants were in fact fully and properly represented by their counsel, according to his best judgment. The petition alleges, in substance, that they did not know he was so situated that he could not so represent them, but scarcely, if at all, sets forth that, in fact, he was so situated. But, if it be taken as an allegation to that extent, the allegation is not admitted in the answer nor proved by evidence, and it would be unsafe and unjust, not only to the orator but to the solicitor, to assume that he did not do his full duty, without full proof that he did not. Let the petition be dismissed.

## Case No. 7,037.

INGERSOLL v. The CARBARGA.

## Case No. 7,038.

INGERSOLL v. The CARBARGA.

[N. Y. Times, June 6, 1852.]

District Court, S. D. New York. 1852.[1]

THE COURT (JUDSON, District Judge) held that the action was properly brought in the court, and the libellant must recover, but that the rule of damages must be the actual amount of loss on the contract price, deducting the amount received on the sale of the two boats. A reference must be had to ascertain the amount of damages.

## Case No. 7,039.

INGERSOLL v. JEWETT et al.

[16 Blatchf. 378; 4 Ban. & A. 361; 9 Reporter, 105.][2]

Circuit Court, N. D. New York. June 5, 1879.

---

[1] [Reversed in Case No. 2,276.]

[2] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 4 Ban. & A. 361, and here republished by permission. 9 Reporter, contains only a condensed report.]